QUESTIONS reserved for hearing before all the judges.
The case below was a scire facias on a judgment in the Superior Court for Sussex county.
A case was stated, and the following facts agreed on: —
Joshua S. Burton and Ruth, his wife, on the 11th of August, 1842, recovered a judgment in the Superior Court, against Robert Burton, and Sarah, his wife, in debt on bond executed to the said Ruth while sole, by the said Sarah while sole, and before the marriage *Page 442 
with the said Robert Burton. After the recovery of that judgment, Robert Burton died leaving his wife, Sarah, to survive him, No proceeding was taken in execution of said judgment, except the issuing of a fi. fa. vice comes, until after Robert Burton's death, when this scire facias was sued against his executor.
The question was, whether his estate was bound for the judgment.
Mr. Houston. — 1. By the marriage, the husband and wife become one person; her legal existence is merged in his, and a judgment recovered against him, though for the debt of his wife, is a judgment against him; assumes a new character, and binds not only him but his estate, in case of his death. It becomes the debt of the husband; and is a new cause of action. (2 Roper, [75-6,] 48; 2 Bright's Hus. Wife, 3; 2 Mod.Rep., 186; 2 Lord Ray., 1050; 1 Swift's System, 196-7, (Conn.;) 2 PeereWms., 249, 257.)
The debt due to the wife dum sola becomes the right of the husband upon its recovery. He may even sue for it, without her. If a judgment is recovered, he may have execution upon it or a scire facias, in his own name, without noticing his wife. If he die, it will survive to the wife, not in her own right, but as the representative of her husband. Her right to it is derived from the husband. She must, therefore, issue a scire facias to make herself a party to the judgment, though the debt was originally hers. (1 Mod. Rep., 179; 2 Tidd's Prac., 1022; Cro.Eliz., 844; 1 Bright Hus. Wife, 61.]
The husband and wife are not joint debtors; she is joined only for form sake, and to apprise the husband of the cause of action; it is his liability and not hers, nor even her's with her husband. When the judgment is recovered it is the husband's debt, binding on his property, and continuing to bind after his death. Why should the accident of his death change the lien existing against him and transfer it to another, not bound before? Is there any thing in the principles of pleading to prevent the issuing a sci. fa. against the estate of the husband? The survivency of the obligation depends on the character in which they are liable, whether as joint debtors or otherwise. This is not a case of joint indebtedness. It is, after judgment, the sole liability of the husband, and not of the wife; the proceeding shall be against him, and after his death, against his estate. (3 Rop., 14, 15.) If it were otherwise, the husband could deprive his wife of all her property, and also of all interest in his own. He takes all her personal property absolutely; suffers judgment against himself and wife, for the debt of the wife, makes his will disposing *Page 443 
of his personal estate away from the wife and dies, and this judgment is then to be paid by sale of the wife's dower interest being all she receives from his estate.
Mr. Cullen. — Judgment against husband and wife, for the debt of the wife; the husband dies before execution; how is it to be levied — out of the estate of the husband — out of that estate and the wife's also — or out of the survivor alone? I maintain the latter; that the wife alone, and not the estate of the husband, is liable. They are joint debtors in the judgment. The estate of the husband is discharged by his death. Even if it was bound, it could not be made liable in an action against the administrator. The scire facias must be against the terre tenants of the deceased party, with the survivor; or against the survivor alone. (1Jac. Law Dic., 277; 2 Ibid, 489; 2 Saund. Rep., 51; Addison on Cont., 346; 15 Common Law Rep., 144; 2 Kent's Com., 144-5; 2 Saund. Rep., 72,k; 1 Camp. Rep., 189, (n.;) 2 Tidd's Pr., 1025; 6 Bac. Ab., 123; 2Bright's Hus. Wife, 3; Greenl. Overruled Cases, 263, questions Mod.Rep.; 2 U. S. Dig., 739; § 17, 18, 741; § 82, 88, 92, 90; 132, § 339.) The scire facias is not an original writ. It must pursue the judgment on which it is founded; and must issue against all the original defendants, or the survivor, and the representatives of the deceased. (2 U. S. Dig., 724, § 86, 93, 90.)
Mr. Houston, in reply. — It is conceded by Mr. Cullen, that if the husband had survived the wife, he would have been liable as the survivor and in that character. None of the cases put his liability on that ground. They do not treat it as a joint liability, but as a liability arising from the relation of husband and wife, and from the judgment, which fixes the liability of the husband. But he says it is not the judgment that fixes the liability, but an execution issued on it; comparing it with the case of judgment by husband and wife for the wife's chose in action, where an execution is necessary to reduce the thing into possession. The cases are entirely different; the one depends on the point of reduction to possession, the other on the force of a judgment, as fixing the liability of the husband. For that purpose an execution can have no effect, for it cannot enlarge the force of the judgment.
The true principle is, that the husband's liability for the wife's debt becomes fixed by the judgment, which changes the character of the claim from one against the wife to an ascertained one against himself. Thus in a judgment recovered by husband and wife, for *Page 444 
the wife's chose in action, during their joint lives, and on the wife's death before execution issued, the husband may issue execution in his own name, because it became his by force of the judgment; but if the husband die, leaving the wife, and before execution issued, it will survive to the wife, because the husband has not yet reduced it intopossession. Yet the wife cannot make herself a party to the judgment and have execution without a scire facias, because by force of the judgment it is the husband's, and she takes it merely as survivor, on a principle peculiar to husband and wife, and not applicable to joint parties. (7Term Rep., 344; Tidd's Prac., 1114, [1115,] Cro. Eliz., 144; 1 Mod., 179.)
In judgment against husband and wife, though for the debt of the wife, no liability survives as against the wife; it is the husband's debt and the husband's liability alone. It continues against his estate after his death. This answers the point of practice in reference to the regularity of a scire facias against the representatives of the husband's estate.
By the Court.
The court is of opinion that the judgment against Robert Burton and wife fixed the liability of the husband, and the plaintiff is entitled to judgment on the scire facias; and it is ordered to be so certified.